UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WALTER M. SERES,

                      Appellant,

v.                                               **DECISION AND ORDER**
                                                      10-CV-1005S

FORD CREDIT TITLING TRUST, and
MARK S. WALLACH, as Chapter 7 Trustee
for the ESTATE OF WALTER M. SERES,

                      Appellees.

## I. INTRODUCTION

*Pro se* appellant Walter M. Seres has filed a notice of appeal challenging an adverse decision by the bankruptcy court in <u>Ford Credit Titling Trust v. Seres, *et al.*</u>, AP 09-01289 B. The bankruptcy court held that Appellant was estopped from challenging a personal injury settlement and further held that his claim for an exemption of settlement proceeds should be surcharged the reasonable cost to the estate resulting from Appellant's failure to comply with disclosure obligations under 11 U.S.C. § 521(a). Presently before this Court is Appellees' Motion to Strike Walter M. Seres' Notice of Appeal. Also before this Court is Appellant's Motion to Redact Transcripts. For the reasons stated below, Appellees' motion is granted. Appellant's motion is denied as moot.

## II. BACKGROUND

The Debtor, Walter M. Seres, filed a petition for relief under Chapter 7 of the Bankruptcy Code in 2008. Prior to that filing, in 2003, Appellant commenced a state action against Kevin Scarsella, Joanne Scarsella, and Ford Credit Titling Trust ("Ford") to recover

1

damages for personal injuries sustained in an automobile accident.  The existence of this personal injury action was not disclosed to Appellant estate's trustee, resulting in the filing of a report listing no administratable assets, closing the case on October 27, 2008.

The trustee only discovered the existence of the state action after Ford successfully moved to dismiss Appellant's claim on the basis that it belonged to the bankruptcy estate, not Appellant.  The bankruptcy case was reopened in May 2009, and the debtor thereafter valued his personal injury suit at approximately $3,750,000.

The trustee then successfully moved the bankruptcy court to approve a settlement of the state action for $75,000. The bankruptcy court declined to deny the debtor his claim for a $7,500 exemption of the settlement proceeds, but did hold that the amount could be surcharged the value of any costs incurred because of Appellant's non-disclosure.

The bankruptcy court issued its decision on October 1, 2010, and Appellant filed the present notice of appeal on November 12, 2010.

### III.  DISCUSSION

**A.     Appellee's Motion to Strike Appellant's Notice of Appeal**

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a "notice of appeal shall be filed with the Clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  The Second Circuit Court of Appeals has held Rule 8002(a)'s time limit jurisdictional, even for *pro se* litigants. In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam); In re Emanuel, Nos. 11-2272-bk (L); 11-2716-bk (Con), 2012 WL 386433, at *1 (2d Cir. Feb. 8, 2012) (summary order).  Thus, "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can

demonstrate 'excusable neglect.'" In re Siemon, 421 F.3d at 169.

The bankruptcy court's decision was entered on October 1, 2010. Appellant did not file his appeal until November 12, 2010, forty-two days later. As a result, his appeal is not timely.

Appellant does not challenge this conclusion, but argues that "exceptional circumstances" excuse his late filing. (Docket No. 5.) These consist of Appellant having clearly evidenced his intent to file a timely appeal by hand delivering a letter on October 10, 2010 to his attorney, instructing him to do whatever was necessary to keep his case alive. The attorney then apparently misinformed Appellant as to when the appeal had to be filed, mistakenly telling Appellant that he had thirty days, when, in fact, he only had fourteen. When Appellant learned the truth, he sought to file his notice of appeal as quickly as possible, but was then further delayed by having to wait until the beginning of the month, when he got paid, in order to pay the filing fee.[1]

The Second Circuit has not addressed whether Rule 8002(a)'s strict deadline applies where exceptional circumstances delay an appeal. However, the appellate court has recently stated that "[a] failure to file a notice of appeal within the time specified by Rule 8002 is an *absolute* jurisdictional bar to appeal." In re MarketXT Holdings Corp., No. 11-0055-bk, 2012 WL 34060, at *2 (2d Cir. Jan. 9, 2012) (summary order) (emphasis added). Whatever the merits of Appellant's contention, this Court need not reach them because even if exceptional circumstances were an exception to Rule 8002(a), such circumstances are not present here.

Appellant blames his attorney for misinforming him of the relevant deadlines and

---

[1] Appellant has represented that he gets paid on the third day of the month. (Docket No. 5.)

cites an inability to afford the filing fee. Similar facts in other cases have been found insufficient to excuse delay. In Chaturvedi v. O'Connell, *pro se* appellant sent the district court a notice of appeal via facsimile that was received after hours on the last day on which to appeal. 2008 WL 2276690, at *2 (S.D.N.Y. June 2, 2008) *aff'd*, 335 Fed. Appx. 145 (2d Cir. 2009) (summary order). The appellant then filed his appeal and paid the filing fee the following day. Id. In affirming the district court's dismissal of the case, the appellate court observed that Appellant never filed a motion for an extension of the period in which to file a notice of appeal, that he was represented by counsel, and that he could have requested an extension pursuant to Rule 8002(c). Chaturvedi, 335 Fed. Appx. at 146.

Similarly here, Appellant had counsel and there is no indication that he requested an extension of the filing deadlines. (Docket No. 1-5.) Moreover, by filing his appeal forty-two days after the date of the bankruptcy court's decision, Appellant fell outside the relevant time period in which he could have requested an extension. Fed. R. Bankr. P. 8002(c) (motion for extension must be filed no later than 21 days after expiration of time to file notice of appeal upon showing of excusable neglect). Accordingly, this Court lacks jurisdiction over Appellant's appeal, and Appellees' Motion to Strike Walter M. Seres' Notice of Appeal will be granted. See Swiatkowski v. CitiMortgage, Inc., 10-CV-6024, 2011 WL 4369520, at *2 (E.D.N.Y. Sept. 19, 2011) (dismissing appeal filed twenty-seven days after entry of order).[2]

**B.     Appellant's Motion to Redact Transcripts**

Appellant asks this Court to redact various transcripts of the bankruptcy court's

---

[2] Appellant's many submissions allege collusion between Appellees. Appellant fails to explain how such collusion impacted his ability to file a timely notice of appeal and Appellant's allegations are, in any case, conclusory. Similarly, Appellant repeatedly draws this Court's attention to the fact that Mr. Scarsella, a defendant in the personal injury state action, accepted full responsibility for Appellant's injuries. Because Appellant's appeal is untimely, this fact, even if true, is irrelevant to this Court's decision.

proceedings. Appellant provides no grounds on which to do so and cites no case law in support. In fact, Appellant does not so much as discuss the content of the material he asks be stricken. Having concluded that this Court lacks jurisdiction, it need not further consider Appellant's motion, which will be denied as moot.

## IV.  CONCLUSION

For the reasons stated above, Appellees' Motion to Strike Walter M. Seres' Notice of Appeal is granted. Appellant's Motion to Redact Transcripts is denied as moot.

## V. ORDERS

IT HEREBY IS ORDERED, that Appellees' Motion to Strike Walter M. Seres' Notice of Appeal (Docket No. 3) is GRANTED.

FURTHER, that Appellant's Motion to Redact Transcripts (Docket No. 10) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     February 17, 2012
           Buffalo, New York

                                                /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                               Chief Judge
                                      United States District Court